**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br>*Plaintiff,*<br>v.<br>JOHN/JANE DOE, et. al.,<br>*Defendants.* | CIVIL ACTION<br>NO. 26-8519 |

**Pappert, J.** **November 17, 2026**

**MEMORANDUM**

Jane Doe alleges four X (formerly Twitter) users falsely accused her of having a sexual relationship with Jeffrey Epstein and doxxed her by posting on the social networking site her full name, employment and education history, phone numbers and addresses. (Compl. ¶ 1, Dkt. No. 1.) Doe asserts claims for defamation, false light, public disclosure of private facts and aiding and abetting. She seeks to proceed under a pseudonym because she fears for her safety, along with additional reputational and professional harm. (Mot. for Leave to Proceed Under Pseudonym at 6–7, Dkt. No. 4.) The Court denies the motion because Doe's fear of harm does not outweigh the public's interest in open litigation.

I

Parties to a lawsuit typically must identify themselves. Fed. R. Civ. P. 10(a). In "exceptional cases," however, parties may proceed anonymously. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). To do so, "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (citation omitted). Courts balance multiple factors in considering whether to let someone proceed anonymously,

including (1) the extent the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided; (3) the public interest in maintaining the confidentiality of the litigant's identity; (4) whether the issue is purely legal in nature; (5) whether the party seeking to sue anonymously has illegitimate motives; and (6) the universal level of public interest in access to the identities of the litigants. *Id.* at 409–10 (cleaned up). The purpose of this balancing test "is to allow a district court to determine whether a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation." *Id.* at 409. The decision to allow a party to proceed anonymously is within the sound discretion of the district court. *Doe v. Coll. of New Jersey*, 997 F.3d 489, 494–95 (3d Cir. 2021).

II

The first factor "does not support anonymity where the litigant's identity has never been confidential." *Doe v. Pa. Dep't of Corr.*, 585 F. Supp. 3d 797, 803 (W.D. Pa. 2022). Doe has not kept her identity confidential. After Defendants doxxed her, by posting her picture, phone numbers and prior addresses, she publicly responded by "den[ying] the connection to Epstein in the thread of Defendants' posts." (Compl. ¶¶ 39, 60.)

To establish fear of severe harm, Doe argues that "survivors and other named individuals have reported receiving death threats." (Mot. for Leave to Proceed Under Pseudonym at 7.) Yet she does not allege how she will be threatened if forced to proceed under her real name, and courts reject "claims of harm or generalized fear that are found to be speculative and unsupported by evidence." *Doe v. Hillsborough Township Bd. of Educ.*, No. 23-22597, 2024 WL 4028293, at *7 (D.N.J. Aug. 30, 2024).

As she notes, the Defendants have already shared her personal information with the public, so there is no greater risk if she proceeds under her own name. (Mot. for Leave to Proceed Under Pseudonym at 7.)

Doe also alleges a "risk of reputational and professional devastation." (*Id.*) But "[c]ourts in this Circuit do not recognize purely social and reputational harms, without more, as valid bases to prevail on this factor." *Landau v. Corp. of Haverford College*, No. 24-2044, 2024 WL 5108442, at *3 (E.D. Pa. Dec. 13, 2024) (collecting cases). Embarrassment or economic harm is not enough to justify proceeding anonymously either. *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990). And because her identity was made public, "litigating publicly will afford Doe the opportunity to clear [her] name" and "will not contribute further to the harm that [she] alleges has already occurred." *Megless*, 654 F.3d at 410.

In assessing the public's interest, courts consider whether "other similarly situated litigants [would] be deterred from litigating claims." *Id.* Doe provides no reason to believe similarly situated litigants would be deterred from bringing defamation claims due to fear of disclosing their identities. The Epstein-related cases she relies upon involve plaintiffs who Epstein sexually assaulted, not individuals falsely accused of having a relationship with him. *See e.g.*, *Doe 1 v. United States*, No. 26-2624, 2026 WL 1075243, at *2 (April 20, 2026) (finding class action of Epstein survivors could proceed anonymously because of the "sensitive and highly personal nature of [their] allegations"); *Doe v. Black*, No. 23-6418, 2026 WL 1102540, *1 (S.D.N.Y April 23, 2026) (finding plaintiff that alleged she was "abused and groomed by Jeffrey Epstein" before being trafficked to the defendant could proceed anonymously).

If a plaintiff's claims are purely legal in nature, there is an "atypically weak public interest in knowing the litigant's identity." *Megless*, 654 F.3d at 409. Doe's claims that Defendants falsely identified her as someone who had a sexual relationship with Epstein are inherently fact sensitive. For example, a key issue is whether Defendants "knew or were reckless about this falsity and had no good faith basis to claim that Plaintiff was the woman" identified in the Epstein files, and resolving that depends on the nature of the facts known to Defendants. (Compl. ¶ 56.)

There is no evidence that Doe has illegitimate motives to proceed anonymously, which favors anonymity. The universal level of public interest in access to the identities of litigants, however, always weighs in favor of disclosing a plaintiff's identity. *Doe v. City of Philadelphia*, No. 26-2364225, 2026 WL 2364225, at *4 (E.D. Pa. Aug. 13, 2026).

The Court does not diminish the harm Doe claims to have suffered, but she has not established how using her real name would subject her to "severe harm," separate from what she has already allegedly endured from Defendants' past actions. Any harm she may suffer from using her own name is not outweighed by the "thumb on the scale that is the universal interest in favor of open judicial proceedings." *Megless*, 654 F.3d at 411.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.